Case number 417-0423, People of the State of Illinois v. DeAndre Johnson. For the appellant, we have Mr. Whitrig. And for the athlete, Mr. McNeil. You may proceed, counsel. Counsel, I'm going to ask you to make sure you speak up. We want to make sure we hear you. Thank you. My name is Edward Whitrig. I'm with the Office of the State Appellate Defender. I represent the appellant, DeAndre Johnson, on this appeal. As an additional matter, this court should hold that post-commission counsel owe DeAndre a duty to provide reasonable assistance under the Post-Commission Hearing Act. As explained in the Illinois Supreme Court's recent decision in the People v. DeAndre Johnson, the right to reasonable assistance necessarily flows from the nature and purpose of the Post-Commission Hearing Act itself. And the purpose of that is, of course, to provide a statutory mechanism for incarcerated petitioners to assert constitutional violations. And according to the Supreme Court, the only way to ensure that that purpose of the act is being fulfilled is to provide some means of review and attorney performance. Otherwise, meritorious post-commission claims may be lost. Importantly, here DeAndre raised an actual innocence claim, a successive post-commission petition. As recognized by the Act, the very first opportunity to raise a petitioner's actual innocence may and often does occur in successive post-commission petitions due to difficulty in obtaining the at-issue evidence. So to ensure that the purpose of the act is being fulfilled as to actual innocence claims, it must be inhabitant to review attorney performance in presenting actual innocence claims that may have been raised either in the initial or successive petition. Otherwise, meritorious actual innocence claims, despite being raised at the first opportunity, may be lost in the fall of the time where the petitioner is refuted by attorneys on reasonableness. And in making this argument, acknowledge that there is no right to appoint counsel in successive post-commission proceedings. But the Supreme Court and people like Randall Johnson specifically held that the right to reasonable appoint counsel, the Supreme Court repeatedly emphasized that privately obtained attorneys are not free to provide unreasonable assistance under the Act, nor is the fact that it's an initial or a summary dismissal stage does not relieve privately obtained attorneys of any duty to their client under the Act. As a result, this Court should adopt the party's conclusion that the principles underlying the Supreme Court's decision and people like Randall Johnson apply to the circumstances of DeAndre's case. And specifically, this Court should determine the role that post-commission counsel owe DeAndre duty to provide reasonable assistance under the post-commission period. What should he have done? More than what he did here. Well, tell me what that more is. Absolutely, Your Honor. Post-commission counsel here had a petition, but didn't include any factual objections to that petition. In the Supreme Court's own words, post-commission counsel merely attached an affidavit to the petition. He didn't allege that the evidence was newly discovered. The information between the affidavit and the affidavit was newly discovered. It did not break the explanation of whether or not it could have been discovered with due diligence. He merely attached an affidavit to a petition and submitted that to the Court. Wasn't there evidence at the defendant's trial that Matherly initially denied any knowledge of the gun? Yes, Your Honor. So her affidavit that, gee, I know all about this gun, that would be newly discovered post-trial, wouldn't it? Matherly didn't assert that she knew about the gun until the 2016 affidavit. Well, then, it's obvious to the Court this is newly discovered, so how is counsel saying, by the way, Judge, this is new evidence, and going to be conveying information the Court already didn't know? Your Honor, I'll... The act specifically requires allegations that that would explain how the information was determined by the petitioner. The Circuit Court specifically found here that there was no explanation. So as to any end of that information, it suggested that the affidavit itself doesn't constitute, doesn't explain itself. And I think it's important here that Post-Commissioned Counsel believe that Young is claiming to have merit because of the Lawsuit No. 5 Post-Commissioned Petition, a successful Post-Commissioned Petition on his behalf. If he believed that it didn't have merit, he would have withdrawn. Well, this is a pretty simple case. The cops find the gun. The defendant says, first, it's not mine, I don't know anything about it. Then he says, it's mine. So what is, what's the basis of the claim that this is improper conviction? Yes, Your Honor. He's actually innocent. DeAndre's defense at trial was that he did not possess the gun, and he took the weight of the charge to protect Natalie from the D.R.B. that was standing between him and prison, standing between him and the return to prison. The difference here is there's actual evidence to suggest the gun belonged to a specific person, rather than it wasn't just his. At trial, there was only evidence that the gun didn't belong to him. Per his testimony, and obviously the State's testimony, to suggest it belonged to him, there's no evidence that it belonged to a specific other person. Here, the affidavit specifically identifies that it is Irving who possessed the gun and did so without any, without DeAndre's knowledge, and that it has been shown. So the actual innocence is based on the fact he lied to the police when he said it was his gun and it's somebody else's? Yes, he did state that he did. And what was defense counsel supposed to do with this information that he didn't do? Your Honor, he was supposed to take those allegations regarding how this information was discovered and how this information would impact the trial and how this information was material not cumulative, put that in a petition and attach affidavits to support that petition, and that that wasn't done here. Whose affidavits should he have attached? Well, I mean, obviously you'd have to include Madderay's affidavit, and then probably his own since he was an undisclosed criminal. He was discovering this information from Madderay, and then probably DeAndre's as well. Well, the relatively affidavit was attached, wasn't it? Yes, Madderay's affidavit was attached without... You said other affidavits, then? Which other affidavits should he have attached? There's a necessary affidavits to support factual allegations in a petition. There aren't others in this instance, but that affidavit isn't what he should have done. Well, I'm trying to figure out the problem here in this rather simple case. The defendant changes his story. Madderay now steps up and says, oh, yeah, here's an affidavit saying it's mine. When you say other affidavits should have been attached, that's assumed other people would have changed their position too, and the only other people I guess it could have been would be those present when the apartment was searched. I don't know that we know that they would have done that. So we're supposed to conclude this was insufficient representation under 651 because what? Because, Your Honor, the circuit court here was required to dismiss the petition because there weren't any factual allegations within the petition. The affidavit itself alone can't support the claim. And so when the circuit court received this petition, it was required by the issue of the different claimants to reject it. And they did reject it. So if there's nothing else available, what should counsel have done? Counsel should have withdrawn. Counsel should have withdrawn, and if you did, then you don't have that opportunity to present the other factual allegations that that would have surrounded the claim. Counsel should move to withdraw at the trial level is what you're saying? If this was, if counsel believed this was a frivolous claim, then he should have moved to withdraw. And I think by the fact that he didn't and filed a petition, the evidence is his belief that there was, that there was merit to DeAndre's claim. So if counsel made a motion to withdraw, would you be here arguing? If counsel moved to withdraw and there was no other evidence in the record to support it. No, but I think, I think the record itself actually does support a color-blind premises claim. And the fact that this does add a non-cumulative information to the jurors, the fact that someone specifically on McDonough wasn't just Johnson's son. And then, I think it is conclusive in the fact that there is information now that, excuse me, let me repeat that. There is, there would be information here from a, from a eyewitness not only at the scene of the search, but who had actually seen Irving possessed and interacted with a gun prior, and who had been hidden in the apartment of their knowledge. So there would be a potential mutual witness here to testify as to the events. Well, for all we know, counsel might have spoken to Irving or tried to ask him or get an affidavit. Irving says, go pound sand. Now what? Excuse me, can you please repeat that? Now what should counsel do? Well, it seems to me the choices you're saying for counsel in this situation are, you have to move to withdraw or you can use the method of the affidavit and see how the judge finds that. There is a claim there, albeit one that, by someone who is changing their story since trial. What else should he, what else can counsel do? We don't know that there's any other evidence available. Yes, Your Honor. As a side note to the question of what counsel should have done here, is actually place the allegations in the form of the petition itself. And what would those allegations have been? And that's where we have to, that we cannot know because they weren't placed actually in the petition. But we know what the affidavit says. Yes. And we know the trial court said, this isn't newly discovered evidence. But the court said it wasn't newly discovered because post-conviction counsel attached the affidavit without explanation and didn't offer any explanation as to how the allegations had been discovered earlier. And so counsel didn't even take these necessary steps in the pleading to explain how he came across this information, what steps were taken by himself in the earlier initial post-conviction proceeding. Well, I'm not sure I understand what the judge was saying there. And the other thing is we review judgments, not reasons. When the judge says we don't have any explanation, now that we've changed the story is what we know, right? She's now changed the story. And I don't know what, if for all we know, there was no further information that counsel had or that the fellow who, what was his name? Irving. Irving, thank you, was willing to come forward, provide an affidavit, to say anything. So it seems to me you're saying counsel's choice is either to make a motion to withdraw or he has to obtain evidence which he can't obtain. But by proceeding on bailiff's affidavit, it's automatically, correct me if I'm wrong, it's automatically ineffective assistance under Rule 651. It's, I would argue that it automatically is ineffective assistance because the full form of the petition is not facing any allegations. I think that's different than just submitting an affidavit to the court and attempting the court to infer or allegations from an affidavit without delegating pleadings and those allegations in support of those pleadings. Well, as affidavit said, I'm actually innocent, or as second post-conviction petition said, I'm actually innocent. It wasn't my gun. And here's Methodley's affidavit. It showed, right? And it pleaded at least regarding Methodley's information, how it was newly discovered. What does that matter? What does it matter how Methodley's affidavit and information was newly discovered? We know it had to be after trial. That's why I don't understand what the judge is saying. It's not newly discovered. Well, it's new as after trial. Yeah. Her story at trial was, and I didn't know who it was, and there are only a handful of people who testified or even were involved in the trial. And she's now, she told the police, I don't know anything about this, and now she's coming forward with this story. What else had to be fleshed out about what Methodley has to say? The incivility is the first part of that. I think there is a distinction between if you would have pleaded these facts and the court found them insufficient versus pleading no facts at all. And I think that's what the distinction has to be. But you're unable to identify what facts should have been said. I would recommend that this court read the People v. Dixon case that I cited in my opening and recovery. In that case, they specifically stated that post-commissioned counsel chose to file amended petitions, and we assume that counsel found that the allegations were not frivolous. And so I think by the act of filing the petition, by the act of signing that petition, post-commissioned counsel is evidencing that there is a basis for this actual mis-explanation. Does that make good sense to you, and is that something we should follow? That's a third district case. Yes, it is. Why should we follow that? Why shouldn't we just assume counsel has nothing else to do, he's got a client who wants to file this? Here's Methodley's affidavit, Judge. Yes, Your Honor. First, we presume attorneys to know the law, and then as a second proposition, the law requires a free staff ethically. I've cited cases of that effect in my recovery. So, apparently, Dixon says it would be unethical, and that's the basis of its thinking. It's unethical for this lawyer to submit Methodley's affidavit and say, therefore, you should grant the petition. Unethical? Excuse me. The third district's talked about it being unethical for the attorney to file this petition. Is that true? That would be unethical to file in Dixon. The petition alleged very general... But here we have specifics. Methodley's affidavit says it wasn't his gun. But the affidavit says that non-factual pleadings contained in the petition. Didn't the pleading say he's not guilty, he's actually innocent, see Methodley's affidavit? The pleadings... Isn't that enough? He was actually innocent. It just said that the affidavit would support applying the factual instances. It believed it would, wouldn't it? Yes, it believed it would. So you think this is a loser case because the pleadings weren't sufficiently specific to identify that's what the defendant was claiming. Yes. It wasn't my gun. Well, it was... Or someone... The other person that was there says it belonged to this other guy. Yes, Your Honor. Can you repeat the part of the question again? I submit a post-conviction petition that says I'm actually innocent. Yes. Or... The affidavit that's attached will support that assertion. Why is that deficient? Even there, that isn't identifying and actually making factual allegations. It's just stating that... It's putting the burden on the court to sit through it and make factual inferences from the affidavit. A critical fact witness has changed her testimony. And now with the affidavit, it supports? That's the conclusion it supports, but that wasn't where it was applied in the petition. And that's the distinction I'm urging this court to make. If there are no further questions... I don't see any at this time, counsel. Thank you. I respectfully ask this court to reverse the 7th Court's judgment and remand DeAndre's case for the opportunity to hire him, counsel, and provide reasonable assistance for the opportunity to proceed from, say, unencumbered by counsel's own reasonable assistance. Thank you for your time. Thank you, counsel. You'll have additional time on rebuttal if you desire. Mr. O'Neill? May I please support, counsel? I would first state the obvious, that the trial court did analyze Rachel Madeley's affidavit as if it was a newly discovered evidence. I don't know what additional pleadings needed to be done, but the trial court clearly analyzed it as a newly discovered evidence. They found that it was not newly discovered, and I would submit that that was the correct finding. The main part is that there's no way to explain how this couldn't have been discovered earlier through due diligence. Well, she changed her mind after trial. Okay. This court in Snow stated that evidence that is available of prior post-trial proceedings is also not newly discovered evidence. There was a post-conviction petition, in fact, another post-conviction petition with another affidavit from Rachel Madeley in 2014, two years prior. There's literally no circumstance I can think of where her memory would be jogged in 2016, but not in 2014, especially if her romantic partner is sitting in jail for multiple years for a crime she for certain knew wasn't true. It would also appear that it believed that the defendant would know, but he wasn't really getting her out from under it. He knew Irving was the guy that brought it over, if you believe it, because she says he brought it over to show it to DeAndre and I and a couple other people. Yes, I would read in context that affidavit as well. Counsel makes an argument that apparently the affidavit doesn't state that the defendant saw it, that only Rachel Madeley saw it. I read through it and I could only see that she mentions that she sees it in the same sentence that she mentions the defendant sees it, and I'm guessing that was put in there so the defendant would have some sort of an explanation as to how he gave her her conscription with a gun without seeing it prior to police and his confession. But the main thing here is that this is a reasonable assistance to counsel argument that there is no definitive standard like Strickland what the problems are for reasonable assistance. We just know that it's less than Strickland for post-conviction proceedings. However, the easiest way to dispose of this argument is even taking the Strickland standard. The outcome of the proceedings, exhausting it all the way to a retrial, would not have been different if counsel performed differently, if counsel performed exactly as the defendant requests. We know that because I would submit the defendant's position on retrial would be weaker than it was in his original trial. Instead of... he testified... Rachel Madeley didn't testify at the original trial. He testified that he falsely confessed to police to cover for his romantic partner, Rachel Madeley. On retrial now, it would be I falsely confessed to police to take the heat for this random guy that nobody ever heard of until a year ago. I clearly would submit that that would be a worse defense theory than the original theory, and the outcome of the proceedings would not have been different if the defendant still hadn't been convicted because this affidavit is absurd. Like I said, evidence has to be newly discovered, and it was clearly at the very latest available in defendants' prior post-conviction proceedings. Rachel Madeley attached an affidavit to that, never mentioned to William Irving at all in the 2014 affidavit. There's no circumstances alleged, and I can't imagine what circumstances counsel would have pleaded to explain away that absence in the 2014 post-conviction petition affidavit. Also, as Justice Connett stated, the affidavit states the defendants on the gun as well. There's no reason on retrial or cross-examination rights itself for both him and Madeley. Why did you wait six years while your romantic partner that you knew was innocent was in jail? Why didn't you at least allege this in the first post-conviction petition? And as for a defendant, why would you falsely confess with sufficient detail and convincing story as to why you had this gun, so they gave it to me? I wasn't going to use it for anything but protection. Why would you take the heat when this is obviously not... It wasn't yours, and it wasn't your romantic partner's. So clearly, both prongs of Strickland failed. I know it's a lesser standard than Strickland, but the defendant provides no specific suggestion, no concrete example of what pleadings counsel would have included in this successive post-conviction petition. I would also point out, as I did in my brief, that the defense counsel did not file a motion for leave. However, the trial court analyzed this as if a motion for leave was filed. They denied leave. So that clearly did not prejudice the defendant either. And the Supreme Court, at least since Frieser in 1991, that's what I cited in my brief, has long held that inadequate representation certainly will not be found because of an attorney's failure to amend a petition or, when amended, failing to make the petition's allegations factually sufficient to require the defendant to leave. In other words, just because a post-conviction petition fails does not automatically mean that the defendant was denied reasonable assistance of counsel. And to submit that counsel should have withdrew from this case because it was a borderline case, that would just cause counsels to take less post-conviction proceedings if they find that it's on the borderline and it might be denied at any point in taking account of the ineffectual assistance or unreasonable assistance. So if there are no questions, I would ask this court to affirm. I don't see any, counsel. Thank you. Mr. Ritchrie? Thank you. In response to the statement, the first thing I want to emphasize is the affidavit doesn't specifically state that DeAndre saw the fire alarm. It does state that, not everybody alleges that Irving brought a true show to, I think she also states friends, but it doesn't specifically state that DeAndre saw the fire alarm. And then it also states that, excuse me, that DeAndre didn't have any knowledge that it was in her apartment, and so I think reading those two together would read the inference that DeAndre never saw the fire alarm when it was presented to Natalie. I would also like to respond to the argument that by, I guess, excuse me, there is a difference between pleading, to a faith effort to prove facts that ultimately do not warrant relief versus pleading no facts at all or just naming affidavits to the court without explanation. I think if counsel has a petition and attaches affidavits to that, that's different than having allegations within the petition itself supported by the attached affidavits. Just because the case didn't proceed to the first stage or second stage of the Post-Condition Peering Act does not mean that posting back to Post-Condition Counsel is then necessarily unreasonable. It's unreasonable because it didn't include anything in the actual petition itself. Any other further questions? Thank you. We'll take this matter under advisement and be in recess.